UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21139-CIV-COOKE
MAGISTRATE JUDGE P. A. WHITE

ERIK SANCHEZ,                        :

       Plaintiff,              :

v.                                   :          THIRD
                                                SUPPLEMENTAL REPORT
                                                OF MAGISTRATE JUDGE
HIALEAH POLICE DEPARTMENT,           :
ET AL.,
                                     :
       Defendants.             :

## I. Introduction

This Cause is before the Court upon the plaintiff Erik Sanchez's proposed Third Amended Complaint [DE# 34] and Motion for Detailed Damage Claims [DE# 41].

On June 14, 2007, the Undersigned issued a Preliminary Report [DE# 12] recommending that this case proceed on the plaintiff's Amended Complaint [DE# 10] against the three named and two unidentified officers.[1]  The Honorable Marcia G. Cooke issued an Order adopting these recommendations.  [DE# 19].  The defendants Salas, Garrido and DelNodal have been personally served [DE#'s 16, 17 and 26] and they have filed Answers and Affirmative Defenses. [DE#'s 18, 31].

In the Amended Complaint [DE# 10], the plaintiff named the following defendants:

1.   City of Hialeah Police Officer L. Salas (ID# 1219)

---

[1] The Supplemental Report recommends that these two "Doe" defendants be dismissed as parties to this action.

    2.    City of Hialeah Police Officer R. DelNodal (ID# 1029)
    3.    City of Hialeah Police Officer L. Garrido (ID# 1400)
    4.    City of Hialeah Police Officer John Doe (Supervisor)(ID# 0849)
    5.    City of Hialeah Police Officer John Doe

The plaintiff raised the following allegations. On June 10, 2003, his vehicle broke down, and police and rescue workers responded. DelNodal and Garrido placed him under arrest for driving with a suspended license. DelNodal handcuffed him and placed him in the police car. The handcuffs became very tight and painful and the plaintiff asked the officers to loosen them. When they declined, the plaintiff threatened to break the window of the police car. Upon hearing that threat, DelNodal told the plaintiff he would "kick his ass" if he broke the window. The plaintiff proceeded to break the window of the police car, and DelNodal sprayed him with pepper spray, pulled him out of the car and ordered him to get on the ground. The plaintiff did not immediately comply because there was broken glass on the ground. Salas, Garrido and DelNodal then hit him with billy clubs and kicked him, while he was still handcuffed, to punish him for breaking the window and for not obeying their order to get on the ground fast enough. Supervisor Doe failed to intervene to stop the attack. Officer Doe struck him five times in the head with his billy club, also while he was in handcuffs, causing wounds which had to be closed with over fifteen metal staples.

The plaintiff submitted a Second Amended Complaint, which raised contradictory factual allegations, appeared to delete two defendants, add two new defendants, and add pendent state law battery and negligent hiring and retention claims. [DE# 21]. In the Second Amended Complaint, the plaintiff alleged that only three officers (DelNodal, Salas and Garrido) were involved in his arrest,

and that only DelNodal used any force upon him.  The Second Amended Complaint contains no allegations against the two "Doe" officers at the scene.  The plaintiff raised the following allegations:

1. On June 10, 2003, the plaintiff was placed under arrest for driving while his license was suspended, handcuffed, and placed in the back seat of a police cruiser.

2. The plaintiff asked DelNodal to loosen the handcuffs, and DelNodal refused.  The plaintiff then broke the window in the police cruiser.

3. DelNodal then opened the car door and sprayed the plaintiff with mace.

4. Garrido then grabbed the plaintiff and pulled him out of the car.  (In the Amended Complaint, the plaintiff alleges that DelNodal pulled him out of the car).

5. DelNodal ordered the plaintiff to get on the ground.  The plaintiff hesitated because there was broken glass, then complied.

6. At that time, DelNodal struck him multiple times with a billy club.  (In the Amended Complaint, the plaintiff alleges that four other officers also hit him with billy clubs, an allegation not present in the Second Amended Complaint.)

7. Salas and Garrido failed to intervene to stop DelNodal's attack.

8.  The City of Hialeah Chief of Police (proposed new defendant) violated the plaintiff's constitutional rights by failing to properly train, discipline, regulate and control his subordinate officers.

9.  The City of Hialeah Police Commissioner (proposed new defendant) failed to properly supervise the Chief of Police and failed to establish and/or enforce proper training procedures.

10. DelNodal committed a battery upon the plaintiff with a weapon.

11. The City of Hialeah Police Commissioner engaged in negligent hiring and retention.

On August 22, 2007, the Undersigned issued a Supplemental Report [DE# 22] recommending that the Amended Complaint [DE# 10] be dismissed and the Second Amended Complaint [DE# 21] be the Operative Complaint, to the extent that the defendants Supervisor Doe and Officer Doe be dismissed as parties to this action; the claims in the Second Amended Complaint against the City of Hialeah Chief of Police and Police Commissioner be dismissed; and the claims in the Second Amended Complaint against the defendant DelNodal (on claims that he engaged in excessive force upon arrest and committed a battery) and against the defendants Salas and Garrido (on claims of failure to intervene) proceed. [DE# 22].

On September 11, 2007, the plaintiff filed a motion for an extension of time to file objections to the Supplemental Report and to amend his complaint to attempt to state a "Monell" claim against the Chief and Commissioner of the Hialeah Police Department, [DE#

4

25].  This motion was granted, extending the time to object and amend to October 15, 2007.  [DE# 29].

On September 25, 2007, the plaintiff filed a Motion to Supplement the Second Amended Complaint and Objections to the Supplemental Report. [DE# 30].  The plaintiff objected to the Report's conclusion that he failed to state a claim for relief against the City of Hialeah Police Chief or Police Commissioner. The plaintiff did not object to any other recommendation.  The Undersigned issued a Second Supplemental Report [DE# 32], recommending as follows:

1. The Motion to Supplement the Second Amended Complaint [DE# 30] be denied.

2. The Objections to the Supplemental Report be overruled, and the recommendations of the pending Supplemental Report [DE# 22] be adopted in their entirety:

   A. The Amended Complaint [DE# 10] be dismissed.

   B. The defendants Supervisor Doe and Officer Doe be dismissed as parties to this action.

   C. Leave of court to proceed on the Second Amended Complaint [DE# 21] be granted in part and denied in part as follows:

      1. Leave of court be denied to proceed with all claims in the Second Amended Complaint against the City of Hialeah Chief of Police and Police Commissioner.

        2.    Leave of court be granted to proceed with the claims in the Second Amended Complaint against the defendant DelNodal (on claims that he engaged in excessive force upon arrest and committed a battery) and against the defendants Salas and Garrido (on claims of failure to intervene).

    D.    The Second Amended Complaint [DE# 21] be the Operative Complaint in this civil action to the extent it raises claims against DelNodal, Salas and Garrido only.

The Supplemental Report [DE# 22], Objections thereto [DE# 30] and Second Supplemental Report [DE# 32] are pending before the District Court.

On October 17, 2007, the plaintiff filed, without leave of court, a proposed Third Amended Complaint. [DE# 34]. The plaintiff has also filed a Motion for Detailed Damage Claims [DE# 41], which simply details the extent of his alleged physical injuries and is, in essence, another amended complaint.

Because the proposed Third Amended Complaint [DE# 34] and Motion for Detailed Damage Claims [DE# 41] (c0nstrued as an amended complaint) were filed after the defendants were served, leave of Court is required. Fed.R.Civ.P. 15(a). The Court will treat the proposed Third Amended Complaint and Motion for Detailed Damage Claims as implied motions to amend. To determine whether the plaintiff should be granted leave to amend, these pleadings will be analyzed pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> * * *
>
> (B) the action or appeal –
>
> * * *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must

7

apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998). An action is considered "frivolous" if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc. , 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quotations and citations omitted). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

The Third Amended Complaint raises claims against four defendants:

1. City of Hialeah Police Officer R. DelNodal (ID# 1029)
2. City of Hialeah Police Officer L. Garrido (ID# 1400)
4. City of Hialeah
5. City of Hialeah Police Chief Rolando Bolanos

The plaintiff now alleges, in stark contradiction to his prior complaints, that only two officers were involved in his arrest - DelNodal and Garrido. The Third Amended Complaint raises no claims against Officer Salas and, for that reason, it is recommended that Salas be dismissed as a party to this civil action.

The Third Amended Complaint raises similar factual and legal claims as the Second Amended Complaint, except it eliminates all claims against Officer Salas, and attempts to restate a "Monell" claim against the City of Hialeah and its Chief of Police.

For the reasons stated in prior Reports, the constitutional claims as stated in the Third Amended Complaint arising under the Fourth Amendment against the defendants DelNodal and Garrido and the pendent state law claim against DelNodal should proceed and leave to amend should be granted therefor.

Further, the plaintiff again attempts to raise a claim against the City of Hialeah (previously raised as a claim against the Police Chief and Police Commissioner in their official capacity, which is the functional equivalent of a claim against the City of Hialeah), arguing that the City failed to implement a "policy" of training its police officers in the proper use of force and the need to intervene when to stop unnecessary use of force. As in the

Second Amended Complaint, despite the expanded use of standard language and repetitive argument, the plaintiff has not stated a viable claim against the municipality.

The plaintiff attempts to state a <u>Monell</u> claim by claiming that police supervisors failed to create a training program for the City's police officers. Although the plaintiff couches his claim in terms of the failure to create a "policy," his claim is that police supervisors failed to train their subordinate officers with regard to the use and prevention of excessive force.

Despite the boilerplate language, the plaintiff has not met his burden of establishing a causal link between a government policy or custom and the injury which is alleged. <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). The plaintiff simply states that the City and its Police Chief, as supervisors, failed to train the officers in the use of force. The legal basis for the §1983 claim against the City is not the existence of an unconstitutional policy or custom, but rather the failure to train. The plaintiff cannot set forth a "<u>Monell</u>" claim based on the allegation that police supervisors have failed to properly train their subordinates. The plaintiff does not attempt to raise a claim against these individuals, in their individual capacity, based on a failure to supervise or train.

For the above reasons, leave of court should not be granted to amend this cause to include the proposed new defendants City of Hialeah or Chief Bolanos.

III. <u>Recommendation</u>

Based on the foregoing, it is recommended as follows:

10

1.  The Amended Complaint [DE# 10] be dismissed.

2.  The Second Amended Complaint [DE# 21] be dismissed.

3.  Leave of court to proceed on the Third Amended Complaint [DE# 34] and Motion for Detailed Damage Claims [DE# 41] be granted in part and denied in part as follows:

   A.  Leave of court be denied to proceed with all claims in the Third Amended Complaint against the City of Hialeah and the City of Hialeah Chief of Police.

   B.  Leave of court be granted to proceed with the claims in the Third Amended Complaint against the defendant DelNodal (on claims that he engaged in excessive force upon arrest and committed a battery) and against the defendant Garrido (on a claim of failure to intervene).

   C.  The Third Amended Complaint [DE# 34], as supplemented by the Motion for Detailed Damage Claims [DE# 41] together be the Operative Complaint in this civil action to the extent it raises claims against DelNodal and Garrido only.

4.  The defendant Salas be dismissed as a party to this action.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 26th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Erik Sanchez, Pro Se
      No. 404103
      Columbia Correctional Institution
      216 S.E. Corrections Way
      Lake City, FL 32025

      Christine L. Welstead, Esq.
      Akerman Senterfitt
      1 SE 3rd Avenue
      28th Floor
      Miami, FL 33131-1714