```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 07-21139-CIV-COOKE
                                    MAGISTRATE JUDGE P. A. WHITE
ERIK SANCHEZ,                   :

        Plaintiff,              :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
HIALEAH POLICE DEPARTMENT,      :
ET AL.,
                                :
        Defendants.             :
```

## I. Introduction

This Cause is before the Court upon the joint Motion for Summary Judgment filed by the defendants Del Nodal and Garrido. [DE# 57].

The plaintiff filed his original Complaint on April 30, 2007. [DE# 1]. He plaintiff was granted leave to proceed in forma pauperis. [DE# 5]. Following an order directing the plaintiff to file an amended complaint [DE# 4], the plaintiff filed an Amended Complaint on June 5, 2007. [DE# 10]. On June 14, 2007, the Undersigned issued a Preliminary Report [DE# 12] recommending that this case proceed on the plaintiff's Amended Complaint [DE# 10] against the three named and two unidentified officers.[1] The Honorable Marcia G. Cooke issued an Order adopting these recommendations. [DE# 19]. The defendants Salas, Garrido and Del Nodal were personally served [DE#'s 16, 17 and 26] and they filed Answers and Affirmative Defenses. [DE#'s 18, 31].

---

[1] These two "Doe" defendants were dismissed as parties to this action pursuant to the Order issued by Judge Cooke [DE# 62] adopting the recommendation of the Supplemental Report [DE# 22].

In the Amended Complaint [DE# 10], the plaintiff named the following defendants:

1.  City of Hialeah Police Officer L. Salas (ID# 1219)
2.  City of Hialeah Police Officer R. Del Nodal (ID# 1029)
3.  City of Hialeah Police Officer L. Garrido (ID# 1400)
4.  City of Hialeah Police Officer John Doe (Supervisor)(ID# 0849)
5.  City of Hialeah Police Officer John Doe

The plaintiff raised the following allegations. On June 10, 2003, his vehicle broke down, and police and rescue workers responded. Del Nodal and Garrido placed him under arrest for driving with a suspended license. Del Nodal handcuffed him and placed him in the police car. The handcuffs became very tight and painful and the plaintiff asked the officers to loosen them. When they declined, the plaintiff threatened to break the window of the police car. Upon hearing that threat, Del Nodal told the plaintiff he would "kick his ass" if he broke the window. The plaintiff proceeded to break the window of the police car, and Del Nodal sprayed him with pepper spray, pulled him out of the car and ordered him to get on the ground. The plaintiff did not immediately comply because there was broken glass on the ground. Salas, Garrido and Del Nodal then hit him with billy clubs and kicked him, while he was still handcuffed, to punish him for breaking the window and for not obeying their order to get on the ground fast enough. Supervisor Doe failed to intervene to stop the attack. Officer Doe struck him five times in the head with his billy club, also while he was in handcuffs, causing wounds which had to be closed with over fifteen metal staples.

The plaintiff submitted a Second Amended Complaint, which raised contradictory factual allegations, appeared to delete two defendants, add two new defendants, and add pendent state law

battery and negligent hiring and retention claims. [DE# 21]. In the Second Amended Complaint, the plaintiff alleged that only three officers (Del Nodal, Salas and Garrido) were involved in his arrest, and that only Del Nodal used any force upon him. The Second Amended Complaint contained no allegations against the two "Doe" officers at the scene. The plaintiff raised the following allegations:

1. On June 10, 2003, the plaintiff was placed under arrest for driving while his license was suspended, handcuffed, and placed in the back seat of a police cruiser.

2. The plaintiff asked Del Nodal to loosen the handcuffs, and Del Nodal refused. The plaintiff then broke the window in the police cruiser.

3. Del Nodal then opened the car door and sprayed the plaintiff with mace.

4. Garrido then grabbed the plaintiff and pulled him out of the car. (In the Amended Complaint, the plaintiff alleged that Del Nodal pulled him out of the car).

5. Del Nodal ordered the plaintiff to get on the ground. The plaintiff hesitated because there was broken glass, then complied.

6. At that time, Del Nodal struck him multiple times with a billy club. (In the Amended Complaint, the plaintiff alleged that four other officers also hit him with billy clubs, an allegation not present in the Second Amended Complaint.)

3

7.  Salas and Garrido failed to intervene to stop Del Nodal's attack.

8.  The City of Hialeah Chief of Police (proposed additional defendant) violated the plaintiff's constitutional rights by failing to properly train, discipline, regulate and control his subordinate officers.

9.  The City of Hialeah Police Commissioner (proposed additional defendant) failed to properly supervise the Chief of Police and failed to establish and/or enforce proper training procedures.

10. Del Nodal committed a battery upon the plaintiff with a weapon.

11. The City of Hialeah Police Commissioner engaged in negligent hiring and retention.

On August 22, 2007, the Undersigned issued a Supplemental Report [DE# 22] recommending that the Amended Complaint [DE# 10] be dismissed and the Second Amended Complaint [DE# 21] be the Operative Complaint, to the extent that the defendants Supervisor Doe and Officer Doe be dismissed as parties to this action; the claims in the Second Amended Complaint against the City of Hialeah Chief of Police and Police Commissioner be dismissed; and the claims in the Second Amended Complaint against the defendant Del Nodal (on claims that he engaged in excessive force upon arrest and committed a battery) and against the defendants Salas and Garrido (on claims of failure to intervene) proceed. [DE# 22].

On September 11, 2007, the plaintiff filed a motion for an extension of time to file objections to the Supplemental Report and

to amend his complaint to attempt to state a "Monell" claim against the Chief and Commissioner of the Hialeah Police Department, [DE# 25]. This motion was granted, extending the time to object and amend to October 15, 2007. [DE# 29].

On September 25, 2007, the plaintiff filed a Motion to Supplement the Second Amended Complaint and Objections to the Supplemental Report. [DE# 30]. The plaintiff objected to the Report's conclusion that he failed to state a claim for relief against the City of Hialeah Police Chief or Police Commissioner. The plaintiff did not object to any other recommendation. The Undersigned issued a Second Supplemental Report [DE# 32], recommending as follows:

1. The Motion to Supplement the Second Amended Complaint [DE# 30] be denied.

2. The Objections to the Supplemental Report be overruled, and the recommendations of the pending Supplemental Report [DE# 22] be adopted in their entirety:

   A. The Amended Complaint [DE# 10] be dismissed.

   B. The defendants Supervisor Doe and Officer Doe be dismissed as parties to this action.

   C. Leave of court to proceed on the Second Amended Complaint [DE# 21] be granted in part and denied in part as follows:

      1. Leave of court be denied to proceed with all claims in the Second Amended Complaint against the City of Hialeah Chief of Police and Police

>> Commissioner.
>
> 2. Leave of court be granted to proceed with the claims in the Second Amended Complaint against the defendant Del Nodal (on claims that he engaged in excessive force upon arrest and committed a battery) and against the defendants Salas and Garrido (on claims of failure to intervene).
>
> D. The Second Amended Complaint [DE# 21] be the Operative Complaint in this civil action to the extent it raises claims against Del Nodal, Salas and Garrido only.

Judge Cooke has issued an Order adopting the recommendations of the Second Supplemental Report. [DE# 84].

On October 17, 2007, the plaintiff filed, without leave of court, a proposed Third Amended Complaint. [DE# 34]. The plaintiff also filed a Motion for Detailed Damage Claims [DE# 41], which simply details the extent of his alleged physical injuries and is, in essence, another amended complaint.

On November 28, 2007, the Undersigned issued a Third Supplemental Report [DE# 46] treating the proposed Third Amended Complaint and Motion for Detailed Damage Claims as implied motions to amend. The Third Amended Complaint raises claims against four defendants:

1. City of Hialeah Police Officer R. Del Nodal (ID# 1029)
2. City of Hialeah Police Officer L. Garrido (ID# 1400)
3. City of Hialeah

4.   City of Hialeah Police Chief Rolando Bolanos

The plaintiff now alleges, in stark contradiction to his prior complaints, that only two officers were involved in his arrest - Del Nodal and Garrido. The Third Amended Complaint raises no claims against Officer Salas and, for that reason, the Undersigned recommended that Salas be dismissed as a party to this civil action.

The Third Amended Complaint raises similar factual and legal claims as the Second Amended Complaint, except it eliminates all claims against Officer Salas, and attempts to restate a "Monell" claim against the City of Hialeah and its Chief of Police. For the reasons stated in prior Reports, the Undersigned recommended that the constitutional claims as stated in the Third Amended Complaint arising under the Fourth Amendment against the defendants Del Nodal and Garrido and the pendent state law claim against Del Nodal should proceed and leave to amend should be granted therefor. The Undersigned also found that the plaintiff cannot set forth a "Monell" claim based on the allegation that police supervisors have failed to properly train their subordinates and further recommended that leave of court should not be granted to amend this cause to include the proposed new defendants City of Hialeah or Chief Bolanos. [DE# 46].

In sum, the Third Supplemental Report recommends that: (1) leave of court be granted to proceed with the claims in the Third Amended Complaint against the defendant Del Nodal (on claims that he engaged in excessive force upon arrest and committed a battery) and against the defendant Garrido (on a claim of failure to intervene); (2) the Third Amended Complaint [DE# 34], as supplemented by the Motion for Detailed Damage Claims [DE# 41] together be the Operative Complaint in this civil action to the

extent it raises claims against Del Nodal and Garrido only; and (3) the defendant Salas be dismissed as a party to this action. [DE# 46].

The defendants Del Nodal and Garrido filed a joint Answer and Affirmative Defenses to Third Amended Complaint [DE# 34] and a Motion for Detailed Damage Claims [DE# 41]. [DE# 47].

The Third Supplemental Report [DE# 46] remains pending before the Honorable Marcia G. Cooke. The defendants Del Nodal and Garrido have filed a joint Motion for Summary Judgment [DE# 57] as to the recommended Operative Complaint [DE#'s 34 and 41]. The defendant Salas has filed no response to the recommended Operative Complaint, under the assumption that pursuant to the Third Supplemental Report he has been dismissed as a party to this case. [See DE# 57 at n.1]. At this time, because Judge Cooke has not yet considered the Third Supplemental Report, the Operative Complaint in this Cause is the Second Amended Complaint and the case remains pending against Del Nodal, Garrido and Salas. [See DE# 84]. Accordingly, the Undersigned renews the recommendations of the Third Supplemental Report, that this civil action proceed only against Del Nodal and Garrido on the Third Amendment Complaint and supplement [DE#'s 34, 41]. The following analysis is based on the assumption that Judge Cooke will adopt the recommendations of the Third Supplemental Report. If Judge Cooke does not adopt the recommendations of the Third Supplemental Report, then the joint Motion for Summary Judgment [DE# 57] should be denied as moot, and this Report considering the joint Motion for Summary Judgment will also be moot.

**Accordingly, this Cause is before the Court upon: the joint Motion for Summary Judgment filed by Del Nodal and Garrido [DE# 57],** supported by their Memorandum of Law in support [DE# 58];

Statement of Undisputed Material Facts [DE# 61] and various exhibits [DE#'s 59, 60]. In opposition, the plaintiff Sanchez filed an opposition in response to the motion for summary judgment, consisting of an affidavit and several exhibits. [DE# 69].

## II. Discussion

### The Plaintiff's Allegations

The plaintiff raises the following relevant allegations in the Third Amended Complaint. On June 10, 2003, the plaintiff was placed under arrest for driving while his license was suspended, handcuffed, and placed in the back seat of a police cruiser. The plaintiff politely asked Del Nodal to loosen the handcuffs, and Del Nodal refused and told the plaintiff to stop crying. The plaintiff threatened to break the cruiser's window if the handcuffs were not loosened, and Del Nodal told him if he broke the window he "would get his ass kicked." The plaintiff then followed through with his threat and broke the window in the police cruiser. Del Nodal then opened the car door and sprayed the plaintiff with mace, and the plaintiff stopped all "offensive actions." Simultaneously, Garrido opened the opposite door, grabbed the plaintiff and pulled him out of the car. Del Nodal came around to the side of the car where the plaintiff was now standing and ordered him to get on the ground. The plaintiff hesitated because there was broken glass. Because the plaintiff did not respond immediately, Del Nodal struck him multiple times with a police asp, including at least five blows to the head that caused injuries requiring over fifteen metal staples to close. The plaintiff states that Garrido failed to intervene to stop Del Nodal's attack "even though he was in clear view and within reasonable range." The plaintiff was then transported to Palmetto Hospital.

The plaintiff alleges that Del Nodal violated his Fourth Amendment rights by using excessive, unnecessary force upon arrest; Garrido violated his Fourth Amendment rights by failing to intervene; and Del Nodal committed a battery upon the plaintiff with a weapon.

In his Affidavit in response to the Motion for Summary Judgment, supported by his deposition testimony, the plaintiff states that Del Nodal aggressively placed him in handcuffs after Del Nodal discovered that the plaintiff had a suspended driver's license, although the plaintiff attempted to show him a valid driving permit. He alleges that Del Nodal intentionally placed the handcuffs on him too tightly with the intent to cause bodily harm, and such harm did occur.  The plaintiff states that when he asked for the handcuffs to be loosened, Del Nodal's response "confirmed to [him] that he deliberately wanted to cause [him] harm."  The plaintiff states that he broke the cruiser's window only after polite attempts to have the handcuffs loosened.  The plaintiff states that as he broke the window, Del Nodal had exited the driver's door and was opening the rear door and Del Nodal suffered an abrasion on his forearm.  The plaintiff pled guilty to one count of battery on a LEO due to this injury but pled not guilty to two other counts of battery on a LEO.  The plaintiff attests that Del Nodal opened the back door and leaned in and punched him in the eye and then deployed mace to his face at close range.  Immediately thereafter, Garrido opened the other back door and pulled the plaintiff out of the vehicle.  Del Nodal came around to Garrido and the plaintiff and hit the plaintiff ten times with his police asp (including five times to his head), causing severe injuries, including a possible heart attack.  The plaintiff alleges that Garrido was in a position to stop Del Nodal from striking him.  The

plaintiff claims that the use of the asp was unnecessary because the mace was sufficient to restrain him and he did not bring his handcuffed hands from behind his back to the front and he did not attempt to escape. The plaintiff emphasizes that despite the defendant's assertions, he never brought his handcuffed hands to the front nor was he physically able to do so, and the defendants' assertions are made to justify the unnecessary use of force. Records from Palmetto Hospital indicate that the plaintiff suffered two lacerations on his head.

### The Defendants' Argument

The defendants argue that the undisputed evidence shows that Del Nodal was justified in his use of non-deadly force because the plaintiff committed an aggravated battery on him; the plaintiff failed to comply with lawful commands; and the plaintiff attempted to escape by breaking the window of the police car. They further argue that Garrido did not witness any excessive use of force and he was not in a position to intervene to stop Del Nodal from using force.

Rule 56(c)of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted). Thus, pursuant to <u>Celotex</u> and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. <u>Hoffman v. Allied Corp.</u>, 912 F.2d 1379, 1382 (11 Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11 Cir.), <u>cert. denied</u>, 112 S.Ct. 913 (1992). It is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. <u>Earley v. Champion International Corp.</u>, 907 F.2d 1077, 1080 (11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial <u>Fed.R.Civ.P. 56(e)</u>; <u>Coleman v. Smith</u>, 828 F.2d 714, 717 (11 Cir. 1987). If the evidence presented by the nonmoving party is merely colorable, or

12

is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., supra).

Law Pertaining to Excessive Force Claims,<br>and the Defense of Qualified Immunity

A claim that a law enforcement officer used excessive force in the course of an arrest, investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. Graham v. Connor, 490 U.S. 386 (1989); Vinyard v. Wilson, 311 F.3d 1340, 1346-47 (11 Cir. 2002); Lee v. Ferraro, 284 F.3d 1188, 1197 (11 Cir. 2002); Ortega v. Schram, 922 F.2d 684, 694 (11 Cir. 1991). Such an analysis requires a court to balance "the nature and quality of the intrusion on the individual's fourth amendment interests against the importance of the government interest alleged to justify the intrusion." Graham, supra, quoting United States v. Place, 462 U.S. 696 (1983). The analysis of an excessive force claim focuses on whether the officer's actions were "objectively reasonable" in light of all the facts and attendant circumstances which confronted the officer at the time the force was used, Vinyard v. Wilson, supra, 311 F.3d at 1347; and when examining the officer's conduct, to determine if the manner in which the arrest was effected was "reasonable," the Court is to look at the "totality of the circumstances," without regard to the officer's underlying intent. Graham, supra 490 U.S. at 389; Draper v. Reynolds, 369 F.3d 1270, 1277 (11 Cir. 2004). To determine if the force applied was "reasonable," Courts examine: (1) the need

for the application of force; (2) the relationship between the need and the amount of force that was used; and (3) the extent of the injury inflicted upon the individual to whom the force was applied. Draper, supra, 369 F.3d at 1277-78; Vinyard, supra, 311 F.3d at 1347; and Lee, supra, 284 F.3d at 1998. When balancing an arrestee's constitutional rights against the need for the force applied, and assessing whether the force used was reasonably proportionate to the need for that force, the factors considered by the Court include: (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight; Graham, supra, 490 U.S. at 396; Vinyard, supra, 311 F.3d at 1347; Lee, supra, 284 F.3d at 1197-98; Ortega, supra, 922 F.2d at 695.

The doctrine of qualified immunity protects government officials from suit and allows them "to carry out their discretionary duties without fear of personal liability or harassing litigation," protecting from suit all but "the plainly incompetent or those who knowingly violate the law." Lumley v. City of Dade City, 327 F.3d 1186, 1194 (11 Cir. 2003) (citations omitted). To establish qualified immunity "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Vineyard, supra, 311 F.3d at 1346. The Eleventh Circuit has held that an officer acts within his discretionary authority when arresting and transporting someone to jail. See Id. Once the defendant shows he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. Id. The Supreme Court has set out a two-part test the court must undertake when performing a qualified immunity analysis. First, the court must determine whether the "plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730

14

(2002)(citing <u>Saucier v. Katz</u>, 533 U.S. 194 (2001)). If the allegations do establish a constitutional violation, the second step is "to ask whether the right was clearly established." <u>Saucier</u>, 533 U.S. at 201. If the allegations do not amount to a constitutional right violation, there is no need to reach the second step of the analysis. <u>Id.</u> If the force applied was reasonable under the circumstances and not excessive, the police officer has not violated any clearly established constitutional right, and is entitled to summary judgment based upon qualified immunity. <u>Moore v. Gwinnett County</u>, 967 F.2d 1495, 1498 (11 Cir. 1992), <u>quoting</u>, <u>Leslie v. Ingram</u>, 786 F.2d 1533, 1536 (11 Cir. 1986).

Here, it appears, and is presumed for purposes of these summary judgment proceedings, that the defendant officers were both acting within their discretionary authority during the plaintiff's arrest and restraint.

The plaintiff's allegations, if taken as true, would clearly establish a constitutional violation. The plaintiff alleges that after he had kicked out the window of the police vehicle, Garrido dragged him from the car and then Del Nodal unnecessarily beat him ten times with his asp, at least five times to his head. The plaintiff states that the mace had already subdued him, and he was handcuffed and unable to move his arms to the front of his body and he did not try to escape. He also claims that Del Nodal struck him repeatedly in the presence of Garrido, who was in a position to intervene. To be sure, the officers may have been concerned that the plaintiff may have been trying to escape after he kicked the glass out the car's window. However, there is a genuine issue of material fact as to whether it was necessary to use overly tight handcuffs in the first place, and whether it was necessary to strike the plaintiff ten times with an asp after he had been maced and was already restrained. Indeed, in the defendant's statement of

15

undisputed facts, they recognize the dispute as to whether the plaintiff was able to move his handcuffed arms from his back to his front and state that "both versions are equally plausible."

When proceeding to the next step of the analysis, it cannot be said, based on the record before the Court, that the defendant officers in this case are entitled to qualified immunity as to the claim of excessive force. This is because it is apparent, upon review of the parties' evidence, that there exist genuine issues of material fact regarding the nature and extent of resistance by the plaintiff to the officers and the extent of any threat that such resistance may have posed to them or others as a result, the nature and extent of the force which was applied by the officers, and the cause of serious injuries which plaintiff sustained (*i.e.*, whether or not they are attributable to force the officers applied, or to the plaintiff's own actions).

### §1983 Excessive Force and Failure to Intervene

The existence of genuine issues of material fact concerning what resistance the plaintiff may have offered to officers, risk(s) that he may have posed to officers or others, the nature and extent of force that was applied by officers and the need for its use, and the cause of his injuries, makes summary disposition of his excessive force and failure to intervene claims inappropriate. These disputed matters are not for the Court to resolve at summary judgment. To do so would require the Court to step outside its assigned role, and invade the province of the jury. As the Supreme Court stated in its opinion in <u>Anderson v. Liberty Lobby, Inc.</u>, <u>supra</u>, "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the

non-movant is to believed, and all justifiable inferences are to be drawn in his favor." Anderson, supra, 477 U.S. at 255 (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

As stated above, at the time of the plaintiff's arrest, it was recognized by the Courts that unnecessary force upon arrest violates an individual's constitutionally protected rights and forms the basis for a section 1983 claim. This right was clearly established at that time. It cannot be said that the defendant officers are entitled to qualified immunity and, as to the §1983 excessive force and failure to intervene claims against Del Nodal and Garrido, their motion for summary judgment should be denied.

The Undersigned is aware of the distorting effects of hindsight[2] and that the Court must consider the reasonableness of the defendants' alleged actions from their point of view, it is required to accept the plaintiff's version of the underlying facts. Troupe v. Sarasota County, Fla., 419 F.3d 1160, 1168 (11 Cir. 2005). In arguing that they used appropriate force after the plaintiff was handcuffed and possibly subdued from mace, the defendants implicitly ask the Court to weigh the plaintiff's credibility. However, the Court is obliged to resolve disputed facts in the plaintiff's favor. "Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment." McCormick v. City of Fort

---

[2] "[The Court is] not to view the matter ... from the comfort and safety of [its] chambers, fearful of nothing more threatening than the occasional paper cut as [it] read[s] a cold record accounting of what turned out to be the facts. [The Court] must see the situation through the eyes of the officer on the scene who is hampered by incomplete information and forced to make a split-second decision between action and inaction in circumstances where inaction could prove fatal." Crosby v. Monroe County, 394 F.3d 1328, 1333-34 (11 Cir. 2004).

17

Lauderdale, 333 F.3d 1234, 1240 n. 7 (11 Cir. 2003). Although the Court may reject fantastic or utterly implausible testimony at summary judgment, the plaintiff's testimony regarding the officers' conduct is not so outrageous or implausible that no reasonable juror could believe this portion of his testimony. Cf. Kesinger ex rel. Kesinger v. Herrington, 381 F.3d 1243, 1249 (11 Cir. 2004) (rejecting as "not substantial evidence" an eyewitness's testimony which was directly controverted by physical evidence).

**The State Law Tort Claim: Battery**

The state law claim for battery against Del Nodal is predicated on exactly the same events, facts, and circumstances as the §1983 excessive force claim. In light of existing genuine issues of material fact which preclude summary disposition of the §1983 excessive force claims, it is apparent that summary disposition of his state tort claim should be denied, and that this claim should remain pending. It would also be premature to consider the defendant's state statutory defense in light of the disputed issues of fact.

### III. Conclusion

It is therefore recommended that the joint motion for summary judgment by the defendant Officers Del Nodal and Garrido be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida this 27th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Erik Sanchez, Pro Se
      No. 404103
      Columbia Correctional Institution
      216 S.E. Corrections Way
      Lake City, FL 32025

      Christine L. Welstead, Esq.
      Jennifer Lynn Cohen, Esq.
      Akerman Senterfitt
      1 SE 3rd Avenue
      28th Floor
      Miami, FL 33131-1714
```